1  James A. Stankowski (SBN 106367)
   Susannah M. Dudley (SBN 182939)
2  **WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
3  555 S. Flower St., Suite 2900
   Los Angeles, California 90071
4  Telephone:  (213) 443-5100
   Facsimile:  (213) 443-5101
5  Attorneys for Defendant,
   ILLINOIS UNION INSURANCE COMPANY
6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  J. DOUGLASS JENNINGS, JR., A.P.C., a   )   **CASE NO.: 08 CV 676 BEN AJB**
    California Professional Corporation; and JOHN )
12  DOUGLAS JENNINGS, JR., ESQ., a        )
    California resident,                   )
13                                         )
                         Plaintiffs,       )   **ANSWER OF ILLINOIS UNION**
14                                         )   **INSURANCE COMPANY**
    v.                                     )
15                                         )
    ILLINOIS UNION INSURANCE               )
16  COMPANY, an Illinois Corporation,      )
                                           )
17                       Defendant.        )
    _____)

18       Pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 8, Defendant ILLINOIS

19  UNION INSURANCE COMPANY (hereinafter "ILLINOIS UNION") responds to Plaintiffs'

20  Complaint ("Complaint") as follows:

21                    **JURISDICTION AND VENUE**

22       1.      ILLINOIS UNION admits, on information and belief, that there is complete

23  diversity of citizenship between the parties.  ILLINOIS UNION lacks sufficient information to

24  admit or deny each allegation of paragraph 1, and on that basis denies the allegations contained

25  therein

26       2.      ILLINOIS UNION lacks sufficient information or belief to admit or deny the

27  allegations in paragraph number 2, and on that basis denies the allegations contained therein.

28

1    3.    ILLINOIS UNION admits the allegations in paragraph number 3.

2    4.    ILLINOIS UNION admits that its principal place of business is located in the

3    State of Illinois. ILLINOIS UNION admits that it is referred to as a "nonadmitted" or "surplus

4    lines" insurer. ILLINOIS UNION denies each and every allegation of paragraph 4 not expressly

5    admitted herein.

6    5.    ILLINOIS UNION lacks sufficient information or belief to admit or deny the

7    allegations in paragraph number 5, and on that basis denies the allegations contained therein.

8    **GENERAL ALLEGATIONS**

9    6.    ILLINOIS UNION admits that it issued to J. Douglass Jennings, Jr. APC an

10    Employment Practices Insurance Policy No. N04148587, effective September 19, 2006 to

11    September 19, 2007 ("the Policy"). ILLINOIS UNION admits that a copy of the Policy is

12    attached to the Complaint as Exhibit "A". ILLINOIS UNION lacks sufficient information to

13    admit or deny each and every allegation of paragraph 6 not expressly admitted and based

14    thereon, denies the allegations contained therein.

15    7.    ILLINOIS UNION admits that the Policy provides a Limit of Liability of

16    $1,000,000 in the aggregate for each First Party Insured Event, subject to a Retention of

17    $15,000. ILLINOIS UNION denies each and every allegation of paragraph 7 not expressly

18    admitted herein.

19    8.    ILLINOIS UNION admits that portions of the Policy's insuring agreement are set

20    forth in Paragraph 8 of the Complaint. ILLINOIS UNION denies each and every allegation of

21    paragraph 8 not expressly admitted herein.

22    9.    ILLINOIS UNION admits that the term "**Loss**" in the Policy is defined in relevant

23    part, as follows:

24    "Loss means the amount the insureds become legally obligated to pay on account

25    of each Claim and for all Claims in the policy period and the Limited or Extended

26    Reporting Periods, if exercised, made against them for Employment-related

27    Discrimination, Employment-related Harassment, and inappropriate Employment

28

2

1           Conduct for which coverage applies, including, but not limited to, damages, back

2           pay and front pay, judgments, any award of pre-judgment and post-judgment

3           interest, settlements and Defense Costs."

4        ILLINOIS UNION admits that the term "**Claim(s)**" in the Policy is defined to mean, in

5    part, "[a] written demand for monetary damages." ILLINOIS UNION denies each and every

6    allegation of paragraph 9 not expressly admitted herein.

7        10.    ILLINOIS UNION admits that Plaintiff J. Douglass Jennings, Jr., A.P.C. is the

8    Named Insured under the Policy and that Plaintiff John Douglass Jennings, Jr., Esq. is an

9    Insured under the Policy. ILLINOIS UNION denies each and every allegation of paragraph 9

10   not expressly admitted herein.

11       11.    ILLINOIS UNION admits that the term "**Employment-related Discrimination**"

12   includes the phrase quoted by Plaintiffs although it is not a complete reiteration of the definition

13   of "**Employment-related Discrimination**" in the Policy. ILLINOIS UNION denies each and

14   every allegation of paragraph 12 not expressly admitted herein.

15       12.    ILLINOIS UNION admits that the term "**Employment-related Harassment**" in

16   the Policy is defined to mean:

17       "**Employment-related Harassment** means unwelcome sexual advances, requests for

18       sexual favors or other verbal or physical conduct of a sexual or non-sexual nature that:

19           1.    Explicitly or implicitly are made a condition of employment;

20           2.    Are used as basis for employment decisions; or

21           3.    Create a work environment that interferes with performance, or creates an

22               intimidating, hostile or offensive working environment."

23       ILLINOIS UNION denies each and every allegation of paragraph 12 not expressly

24   admitted herein.

25       13.    ILLINOIS UNION admits that the term "**Inappropriate Employment**

26   **Conduct**" in the Policy is defined, in relevant part, to mean any actual or alleged:

27

28

1    "1.    Wrongful dismissal or discharge or termination of employment, whether actual

2    or constructive;

3    2.    Wrongful demotion, wrongful discipline or retaliatory discharge;

4    3.    Employment-related misrepresentation to, humiliation of, or retaliation against

5    an Employee, a former Employee or an applicant for employment;

6    4.    Employment-related wrongful infliction of emotional distress or mental anguish

7    upon an Employee, a former Employee or an applicant for employment;

8    5.    False imprisonment, false arrest, detention or malicious prosecution of an

9    Employee, a former Employee or an applicant for employment; or

10    6.    Employment-related libel, slander, defamation of character or any invasion of

11    right of privacy of an Employee, a former Employee or an applicant for

12    employment.

13    Inappropriate Employment conduct shall not include any act or failure to act except as

14    set forth above."

15    ILLINOIS UNION denies each and every allegation of paragraph 13 not expressly

16    admitted herein.

17    14.    ILLINOIS UNION admits that Exclusion C. in the Policy includes, in part, the

18    following language:

19    "II.    **EXCLUSIONS: WHAT IS NOT COVERED**

20    C.    **Employee Retirement Income Security Act and Other Laws**. This policy does

21    not cover any Loss imposed on the insured under:

22    7.    Rules or regulations promulgated under any such statutes or laws,

23    amendments thereto or similar provisions of any federal, state or local

24    statutory law or common law;

25    but this exclusion shall not apply to any Claim for any actual or alleged

26    retaliatory treatment of the claimant by the insured on account of the claimant's

27    exercise of rights pursuant to any such law, rule or regulation."

28

1    ILLINOIS UNION denies each and every allegation of paragraph 14 not expressly

2    admitted herein.

3    15.    ILLINOIS UNION admits that Exclusion M in the Policy states the following:

4    "**II.    EXCLUSIONS: WHAT IS NOT COVERED**

5    **M.    Employment Contracts.**  This policy does not cover amounts determined to be

6    payable under an express written contract with or express written severance

7    obligation of the insured; but this exclusion shall not apply if and to the extent

8    that liability would have attached to the insured in the absence of the written

9    contract with or obligation of the insured."

10    ILLINOIS UNION denies each and every allegation of paragraph 15 not expressly

11    admitted herein.

12    16.    ILLINOIS UNION admits that Exclusion L in the Policy states the following:

13    "**II.    EXCLUSIONS: WHAT IS NOT COVERED**

14    **L.    Compensation Earned or Due.**  This policy does not cover compensation

15    earned by or due to the claimant in the course of employment but not paid,

16    including any unpaid salary, bonus, hourly pay, overtime pay, severance pay,

17    retirement benefits, vacation days or sick days; but this exclusion shall not apply

18    to any back pay or front pay or any additional compensation allegedly due as a

19    result of Employment-related Discrimination."

20    ILLINOIS UNION denies each and every allegation of paragraph 16 not expressly

21    admitted herein.

22    17.    ILLINOIS UNION admits the existence of an April 17, 2007 letter pertaining to

23    Scott Morrison, Ari David, Dean Gilger and Stacy Otto ("Morrison Claimants") and alleging

24    unlawful practices.  ILLINOIS UNION denies each and every allegation of paragraph 17 not

25    expressly admitted herein.

26

27

28

Answer of Illinois Union Insurance Company

686997.1                                                                08 CV 676 BEN AJB

18.    ILLINOIS UNION admits that Plaintiffs, through their legal counsel, tendered the Morrison Claimants' demand letter to Illinois Union.  ILLINOIS UNION denies each and every allegation of paragraph 18 not expressly admitted herein.

19.    ILLINOIS UNION admits that it received a letter dated May 7, 2007 entitled "2nd NOTICE OF CLAIM & TENDERS [sic] OF DEFENSE/INDEMNITY" from Donald P. Tremblay and addressed to "Attn: Laura R. Zaroski, Donahue Brown Mattewson & Smyth LLC, 140 South Dearborn, Suite 800, Chicago, Illinois 60603." ILLINOIS UNION denies each and every allegation of paragraph 19 not expressly admitted herein.

20.    ILLINOIS UNION admits that it received a letter dated May 25, 2007 from H. Lawrence Serra and addressed to Laura R. Zaroski, at Donohue, Brown, Mathewson & Smyth, LLC, 140 South Dearborn, No. 800, Chicago, Illinois 60603.  ILLINOIS UNION denies each and every allegation in paragraph 20 not expressly admitted herein.

21.    ILLINOIS UNION admits that Laura Zaroski indicated the following in a June 7, 2007 email correspondence to Lawrence Serra: "...I am claims counsel for the insurer, not coverage counsel." ILLINOIS UNION admits that Ms. Zaroski requested certain information and materials from Plaintiffs' counsel.  ILLINOIS UNION denies each and every allegation of paragraph 21 not expressly admitted herein.

22.    ILLINOIS UNION denies the allegations in paragraph 22.

23.    ILLINOIS UNION denies the allegations in paragraph 23.

24.    ILLINOIS UNION denies the allegations in paragraph 24.

25.    ILLINOIS UNION admits that Ms. Zaroski sent a "reservation of rights" letter on behalf of ILLINOIS UNION to the Law Offices of J. Douglas Jennings, Jr., which set forth, among other items, the Insureds' responsibility to satisfy the Self Insured Retention, the reservation of rights under the Policy provisions and Exclusions, the right to rescind the Policy and to seek reimbursement.  ILLINOIS UNION denies each and every allegation of paragraph 25 not expressly admitted herein.

1    26.    ILLINOIS UNION admits that it received a September 5, 2007 letter from H.

2    Lawrence Serra.   ILLINOIS UNION denies each and every allegation of paragraph 26 not

3    expressly admitted herein.

4    27.    ILLINOIS UNION admits, on information and belief, that a mediation occurred

5    on September 4, 2007. ILLINOIS UNION admits, on information and belief, that a $110,000

6    settlement demand was made by the Morrison Claimants. ILLINOIS UNION denies each and

7    every allegation of paragraph 27 not expressly admitted herein.

8    28.    ILLINOIS UNION admits that the Insureds' counsel was contacted and advised

9    that the Insureds had not provided a liability and damages analysis. ILLINOIS UNION denies

10    each and every allegation of paragraph 28 not expressly admitted herein.

11    29.    ILLINOIS UNION admits that it received a September 5, 2007 letter from H.

12    Lawrence Serra regarding the September 4, 2007 mediation.  ILLINOIS UNION admits that

13    additional time was requested in regard to the Morrison Claimants' demand.    ILLINOIS

14    UNION denies each and every allegation of paragraph 29 not expressly admitted herein.

15    30.    ILLINOIS UNION admits, on information and belief, that an extension of time

16    was obtained from the Morrison Claimants in which to respond to their demand. ILLINOIS

17    UNION denies each and every allegation of paragraph 30 not expressly admitted herein.

18    31.    ILLINOIS UNION admits that a litigation budget was received from counsel for

19    Plaintiffs and correspondence regarding the mediation.  ILLINOIS UNION denies each and

20    every allegation of paragraph 31 not expressly admitted herein.

21    32.    ILLINOIS UNION admits that a September 14, 2007 letter was forwarded from

22    Patricia Caracci to counsel for Plaintiffs.  ILLINOIS UNION admits that the September 14,

23    2007 letter stated, in part, the following:

24    "Pursuant to the foregoing, we respectfully advise you that the Insurer does not believe

25    coverage exists under the Policy for the Demand Letter, and therefore, will not

26    contribute toward the settlement offer to Claimants. Further, this letter will also advise

27

28

1  that the Insurer will not provide a defense or indemnity for this matter based upon the

2  Policy provisions and California case law, as set forth above."

3  ILLINOIS UNION denies each and every allegation of paragraph 32 not expressly

4  admitted herein.

5  33.    ILLINOIS UNION admits that a September 14, 2007 letter was forwarded from

6  Patricia Caracci to counsel for Plaintiffs. ILLINOIS UNION admits that the September 14,

7  2007 letter stated, in part, the following:

8  "Pursuant to the foregoing, we respectfully advise you that the Insurer does not believe

9  coverage exists under the Policy for the Demand Letter, and therefore, will not

10  contribute toward the settlement offer to Claimants. Further, this letter will also advise

11  that the Insurer will not provide a defense or indemnity for this matter based upon the

12  Policy provisions and California case law, as set forth above."

13  ILLINOIS UNION denies each and every allegation of paragraph 33 not expressly

14  admitted herein.

15  34.    ILLINOIS UNION lacks sufficient information or belief to admit or deny the

16  allegations in paragraph number 34, and on that basis denies the allegations contained therein.

17  35.    ILLINOIS UNION admits that communications did take place between counsel

18  regarding a settlement. ILLINOIS UNION denies each and every allegation of paragraph 35

19  not expressly admitted herein.

20  36.    ILLINOIS UNION admits that on September 14, 2007, Laura Zaroski forwarded

21  correspondence to counsel for Plaintiffs that stated, in part, the following:

22  "...this correspondence will advise that the carrier will continue providing a defense for

23  this matter, pending further investigation into coverage."

24  ILLINOIS UNION denies each and every allegation of paragraph 36 not expressly

25  admitted herein.

26

27

28

Answer of Illinois Union Insurance Company

686997.1                                                      08 CV 676 BEN AJB

1      37.    ILLINOIS UNION admits that it has several coverage defenses precluding

2  indemnity for the Plaintiffs with respect to the Morrison Claimants. ILLINOIS UNION denies

3  each and every allegation of paragraph 37 not expressly admitted herein.

**FIRST CLAIM FOR RELIEF**

**BREACH OF CONTRACT (DUTY TO DEFEND)**

6      38.    ILLINOIS UNION lacks sufficient information or belief to admit or deny the

7  allegations in paragraph number 38, and on that basis denies the allegations contained therein.

8      39.    ILLINOIS UNION denies the allegations in paragraph 39.

9      40.    ILLINOIS UNION denies the allegations in paragraph 40.

10     41.    ILLINOIS UNION denies the allegations in paragraph 41.

**SECOND CLAIM FOR RELIEF**

**BREACH OF CONTRACT (DUTY TO INDEMNIFY)**

13     42.    ILLINOIS UNION lacks sufficient information or belief to admit or deny the

14  allegations in paragraph number 42, and on that basis denies the allegations contained therein.

15     43.    ILLINOIS UNION denies the allegations in paragraph 43.

16     44.    ILLINOIS UNION denies the allegations in paragraph 44.

17     45.    ILLINOIS UNION denies the allegations in paragraph 45.

**THIRD CLAIM FOR RELIEF**

**TORTIOUS BREACH OF THE IMPLIED COVENANT**

**OF GOOD FAITH AND FAIR DEALING**

21     46.    ILLINOIS UNION lacks sufficient information or belief to admit or deny the

22  allegations in paragraph number 46, and on that basis denies the allegations contained therein.

23     47.    ILLINOIS UNION admits that the parties are to deal fairly and in good faith

24  with one another. ILLINOIS UNION denies each and every allegation of paragraph 47 not

25  expressly admitted herein.

26     48.    ILLINOIS UNION denies the allegations in paragraph 48.

27     49.    ILLINOIS UNION denies the allegations in paragraph 49.

28

9

**Answer of Illinois Union Insurance Company**

**FOURTH CLAIM FOR RELIEF**

**FRAUD**

50.    ILLINOIS UNION lacks sufficient information or belief to admit or deny the allegations in paragraph number 50, and on that basis denies the allegations contained therein.

51.    ILLINOIS UNION admits that it advised Plaintiffs, through their counsel, that ILLINOIS UNION would defend Plaintiffs subject to a reservation of rights and satisfaction of the Self Insured Retention. ILLINOIS UNION denies each and every allegation of paragraph 51 not expressly admitted herein.

52.    ILLINOIS UNION denies the allegations in paragraph 52.

53.    ILLINOIS UNION denies the allegations in paragraph 53.

54.    ILLINOIS UNION denies the allegations in paragraph 54.

55.    ILLINOIS UNION denies the allegations in paragraph 55.

56.    ILLINOIS UNION denies the allegations in paragraph 56.

**FIFTH CLAIM FOR RELIEF**

**NEGLIGENT MISREPRESENTATION**

57.    ILLINOIS UNION lacks sufficient information or belief to admit or deny the allegations in paragraph number 57, and on that basis denies the allegations contained therein.

58.    ILLINOIS UNION denies the allegations in paragraph 58.

**SIXTH CLAIM FOR RELIEF**

**ESTOPPEL**

59.    ILLINOIS UNION lacks sufficient information or belief to admit or deny the allegations in paragraph number 59, and on that basis denies the allegations contained therein.

60.    ILLINOIS UNION denies the allegations in paragraph 60.

61.    ILLINOIS UNION denies the allegations in paragraph 61.

62.    ILLINOIS UNION denies the allegations in paragraph 62.

63.    ILLINOIS UNION denies the allegations in paragraph 63.

64.    ILLINOIS UNION denies the allegations in paragraph 64.

1    65.    ILLINOIS UNION denies the allegations in paragraph 65.

2    66.    ILLINOIS UNION denies the allegations in paragraph 66.

3                    **SEVENTH CLAIM FOR RELIEF**

4                        **PUNITIVE DAMAGES**

5    67.    ILLINOIS UNION lacks sufficient information or belief to admit or deny the

6    allegations in paragraph number 67, and on that basis denies the allegations contained therein.

7    68.    ILLINOIS UNION denies the allegations in paragraph 68.

8                    **EIGHTH CLAIM FOR RELIEF**

9                     **DECLARATORY RELIEF**

10    69.    ILLINOIS UNION lacks sufficient information or belief to admit or deny the

11    allegations in paragraph number 69, and on that basis denies the allegations contained therein.

12    70.    ILLINOIS UNION denies the allegations in paragraph 70.

13    71.    ILLINOIS UNION lacks sufficient information or belief to admit or deny the

14    allegations in paragraph number 71, and on that basis denies the allegations contained therein.

15    72.    ILLINOIS UNION denies the allegations in paragraph 72.

16    73.    ILLINOIS UNION denies the allegations in paragraph 73.

17    74.    ILLINOIS UNION denies the allegations in paragraph 74.

18    75.    ILLINOIS UNION denies the allegations in paragraph 75.

19    76.    ILLINOIS UNION denies the allegations in paragraph 76.

20    77.    ILLINOIS UNION denies the allegations in paragraph 77.

21    78.    ILLINOIS UNION denies the allegations in paragraph 78.

22                    **FIRST AFFIRMATIVE DEFENSE**

23    As a first and separate affirmative defense, Defendant alleges as follows:

24    1.    The Complaint herein and each and every Claim thereof, fail to state facts

25    sufficient to constitute a Claim against Defendant.

26                    **SECOND AFFIRMATIVE DEFENSE**

27    As a second and separate affirmative defense, Defendant alleges as follows:

28

1       2.      Defendant is informed and believes, and on such information and belief alleges,

2  that the Complaint and each and every Claim therein are barred by each and every applicable

3  statute of limitations.

4                        **THIRD AFFIRMATIVE DEFENSE**

5       As a third and separate affirmative defense, Defendant alleges as follows:

6       3.      Defendant is informed and believes and on such information and belief alleges,

7  that Plaintiffs are abridged from asserting each and every Claim, or otherwise asserting any right

8  to relief against Defendant, by reason of the fraud and/or inequitable conduct of Plaintiffs and/or

9  their agents amounting to unclean hands.

10                    **FOURTH AFFIRMATIVE DEFENSE**

11      As a fourth and separate affirmative defense, Defendant alleges as follows:

12      4.      Defendant is informed and believes, and on such information and belief alleges,

13  that Plaintiffs have lost any right to relief against Defendant through laches, in that they failed to

14  take timely action to assert their rights, if any there were, and this delay has caused substantial

15  prejudice to Defendant and third parties.

16                    **FIFTH AFFIRMATIVE DEFENSE**

17      As a fifth and separate affirmative defense, Defendant alleges as follows:

18      5.      Defendant is informed and believes, and on such information and belief alleges,

19  that Plaintiffs are estopped from asserting the allegations in the Complaint and each and every

20  cause of action contained therein by reason of the acts, omissions and course of conduct of

21  Plaintiffs and/or their agents on which Defendant has relied to its prejudice and detriment.

22                    **SIXTH AFFIRMATIVE DEFENSE**

23      As a sixth and separate affirmative defense, Defendant alleges as follows:

24      6.      Defendant is informed and believes, and on such information and belief alleges,

25  that Plaintiffs and/or their agents at all times relevant, gave their consent, express or implied, to

26  any acts, omissions and any and all individual conduct by Defendant, alleged in the Complaint,

27  and to each and every cause of action contained therein.

28

**Answer of Illinois Union Insurance Company**

686997.1                                       08 CV 676 BEN AJB

1

## SEVENTH AFFIRMATIVE DEFENSE

2      As a seventh and separate affirmative defense, Defendant alleges as follows:

3      7.    Defendant is informed and believes, and on such information and belief alleges,

4 that Plaintiffs are barred from asserting each and all of the alleged Claims contained in the

5 Complaint or otherwise asserting any right to relief against Defendant because Plaintiffs and/or

6 their agents ratified the alleged acts and/or omissions of Defendant.

7

## EIGHTH AFFIRMATIVE DEFENSE

8      As an eighth and separate affirmative defense, Defendant alleges as follows:

9      8.    Defendant is informed and believes, and on such information and belief alleges,

10 that Plaintiffs and/or their agents have failed to take reasonable steps to avoid the damages, if

11 any there were, as alleged in the Complaint, and each and every Claim contained therein.  To the

12 extent that such damages, if any, were incurred, Plaintiffs' recovery, if any, should be reduced

13 accordingly.

14

## NINTH AFFIRMATIVE DEFENSE

15      As a ninth and separate affirmative defense, Defendant alleges as follows:

16      9.    Defendant is informed and believes, and on such information and belief alleges,

17 that the agreement at issue in the Complaint imposed on Plaintiffs the duty of good faith and fair

18 dealing between them.  Plaintiffs and/or their agents have engaged in acts, omissions and

19 conduct which constitute a breach of that duty and which were calculated to harm Defendant and

20 prevent it from performing its alleged obligations, if any, under the alleged agreement.

21

## TENTH AFFIRMATIVE DEFENSE

22      As a tenth and separate affirmative defense, Defendant alleges as follows:

23      10.    Defendant is informed and believes, and on such information and belief alleges,

24 that Plaintiffs and/or their agents have expressly and/or impliedly or by operation of law excused

25 Defendant from any and all obligations under the alleged agreement and from any and all rights

26 to recover under each and every Claim alleged in the Complaint.

27 //

28

1

### ELEVENTH AFFIRMATIVE DEFENSE

2        As an eleventh and separate affirmative defense, Defendant alleges as follows:

3        11.    Defendant is informed and believes, and on such information and belief alleges,

4    that Plaintiffs and/or their agents released Defendant expressly and/or impliedly from any and all

5    liability and from any and all rights to recover under each and every Claim alleged in the

6    Complaint.

7

### TWELFTH AFFIRMATIVE DEFENSE

8        As a twelfth and separate affirmative defense, Defendant alleges as follows:

9        12.    Defendant is informed and believes, and on such information and belief alleges,

10   that Plaintiffs are barred from asserting each and every alleged Claim or otherwise asserting any

11   rights to relief against Defendant by reason of concealments made by Plaintiffs and/or their

12   agents.

13

### THIRTEENTH AFFIRMATIVE DEFENSE

14       As a thirteenth and separate affirmative defense, Defendant alleges as follows:

15       13.    Defendant is informed and believes, and on such information and belief alleges,

16   that Plaintiffs are barred from asserting any rights to relief against Defendant by reason of

17   misrepresentations by Plaintiffs and/or their agents.

18

### FOURTEENTH AFFIRMATIVE DEFENSE

19       As a fourteenth and separate affirmative defense, Defendant alleges as follows:

20       14.    Defendant is informed and believes, and on such information and belief alleges,

21   that Plaintiffs are barred from enforcing their purported rights in the alleged contract or any other

22   right to relief against Defendant by reason of unilateral and/or mutual mistake, whereby any

23   alleged agreement failed to incorporate the true understandings reached by Plaintiffs and

24   Defendant and is entitled to reform any alleged agreement to reflect the true understanding of the

25   parties.

26

### FIFTEENTH AFFIRMATIVE DEFENSE

27       As a fifteenth and separate affirmative defense, Defendant alleges as follows:

28

14

**Answer of Illinois Union Insurance Company**

1       15.    Defendant is informed and believes, and on such information and belief alleges,

2  that the conduct of Plaintiffs and/or their agents was such that any recovery would be contrary to

3  public policy.

### SIXTEENTH AFFIRMATIVE DEFENSE

5       As a sixteenth and separate affirmative defense, Defendant alleges as follows:

6       16.    Defendant is informed and believes, and on such information and belief alleges,

7  that Plaintiffs are barred from asserting each and every alleged Claim or otherwise asserting any

8  rights to relief under the alleged agreement or any other right to relief against Defendant because

9  the obligation, if any, has been extinguished by an accord and satisfaction.

### SEVENTEENTH AFFIRMATIVE DEFENSE

11       As a seventeenth and separate affirmative defense, Defendant alleges as follows:

12       17.    Defendant is informed and believes, and on such information and belief alleges,

13  that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any

14  other right to relief against Defendant because any alleged obligations that Defendant may have

15  had were extinguished by impracticality.

### EIGHTEENTH AFFIRMATIVE DEFENSE

17       As an eighteenth and separate affirmative defense, Defendant alleges as follows:

18       18.    Defendant is informed and believes, and on such information and belief alleges,

19  that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any

20  other right to relief against Defendant because of Plaintiffs' substantial breach, which excuses

21  any performance on the part of Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

23       As a nineteenth and separate affirmative defense, Defendant alleges as follows:

24       19.    Defendant is informed and believes, and on such information and belief alleges,

25  that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any

26  other right to relief against Defendant because any alleged obligations that Defendant may have

27  had were extinguished or did not come into existence due to Plaintiffs' failure to perform.

28

**Answer of Illinois Union Insurance Company**

686997.1                                                                08 CV 676 BEN AJB

1

**TWENTIETH AFFIRMATIVE DEFENSE**

2          As a twentieth and separate affirmative defense, Defendant alleges as follows:

3          20.    Defendant is informed and believes, and on such information and belief alleges,

4   that the conduct of Plaintiffs and/or their agents have expressly and/or impliedly waived all

5   claims and relief arising from the allegations in the Complaint and each and every Claim and/or

6   cause of action contained therein.

7

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

8          As a twenty-first and separate affirmative defense, Defendant alleges as follows:

9          21.    Defendant is informed and believes, and on such information and belief alleges,

10  that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any

11  other right to relief against Defendant because the alleged obligations, if any there were, have

12  been extinguished by Defendant's offer of performance which was rejected by Plaintiffs.

13

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

14         As a twenty-second and separate affirmative defense, Defendant alleges as follows:

15         22.    Defendant is informed and believes, and on such information and belief alleges,

16  that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any

17  other right to relief against Defendant because Plaintiffs and/or their agents have prevented

18  Defendant from performing its obligations, if any.

19

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

20         As a twenty-third and separate affirmative defense, Defendant alleges as follows:

21         23.    Defendant is informed and believes, and on such information and belief alleges,

22  that Plaintiffs are guilty of fraud in the inducement and/or execution of any alleged agreement in

23  that it misrepresented material facts on which Defendant relied on to its detriment and prejudice.

24

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

25         As a twenty-fourth and separate affirmative defense, Defendant alleges as follows:

26         24.    Defendant is informed and believes, and on such information and belief alleges,

27  that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any

28

Answer of Illinois Union Insurance Company

686997.1                                                           08 CV 676 BEN AJB

1   other right to relief against Defendant because any alleged obligation that may have existed was

2   extinguished by novation.

3   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

4       As a twenty-fifth and separate affirmative defense, Defendant alleges as follows:

5       25.   Defendant is informed and believes, and on such information and belief alleges,

6   that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any

7   other right to relief against Defendant because any alleged agreement is so uncertain that it is not

8   enforceable as either a matter of law or in equity.

9   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

10       As a twenty-sixth and separate affirmative defense, Defendant alleges as follows:

11       26.   Defendant is informed and believes, and on such information and belief alleges,

12   that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any

13   other right to relief against Defendant because Plaintiffs and their agents have been guilty of

14   conduct rendering them *in pari delicto*.

15   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

16       As a twenty-seventh and separate affirmative defense, Defendant alleges as follows:

17       27.   Defendant is informed and believes, and on such information and belief alleges,

18   that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any

19   other right to relief against Defendant because the purported obligations under the alleged

20   agreement, if any, did not come into existence by reason of the failure of a condition precedent.

21   **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

22       As a twenty-eighth and separate affirmative defense, Defendant alleges as follows:

23       28.   Defendant is informed and believes, and on such information and belief alleges,

24   that the injuries, damages, and losses alleged by Plaintiffs, if any, were proximately contributed

25   to by the negligence or actionable conduct of third persons or entities other than Defendant and

26   that such negligence, or actionable conduct was an intervening and superseding cause of injuries,

27   damages and losses of which Plaintiffs complain.

28

17

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a twenty-ninth and separate affirmative defense, Defendant alleges as follows:

29.    Defendant reserves the right to assert, and does hereby assert, both a lack of coverage and the applicability of exclusions and Policy limitations, based upon endorsements and other Policy terms, conditions and provisions, that bar or limit coverage and the right to recover under the claims asserted herein.

### THIRTIETH AFFIRMATIVE DEFENSE

As a thirtieth and separate affirmative defense, Defendant alleges as follows:

30.    Defendant is informed and believes, and on such information and belief alleges, that the Plaintiffs seek damages which are not properly recoverable under the theories set forth in the Complaint, including, but not limited to, attorneys' fees, punitive damages and pre-judgment interest.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As a thirty-first and separate affirmative defense, Defendant alleges as follows:

31.    Defendant is informed and believes, and on such information and belief alleges, that the Complaint was filed in an improper and/or inconvenient venue, court, or forum and thus is subject to removal, transfer, and/or dismissal.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As a thirty-second and separate affirmative defense, Defendant alleges as follows:

32.    Defendant is informed and believes, and on such information and belief alleges, that this Court lacks jurisdiction over this matter.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

As a thirty-third and separate affirmative defense, Defendant alleges as follows:

33.    Defendant is informed and believes, and on such information and belief alleges, that the purported events, purported happenings, and purported damages alleged in the Complaint were the result of Plaintiffs' actions and/or inactions, and hence, if recovery is made

1    against Defendant by Plaintiffs, it should be reduced by that amount of comparative fault as

2    ascribed to Plaintiffs.

3                        **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

4            As a thirty-fourth and separate affirmative defense, Defendant alleges as follows:

5            34.    Defendant is informed and believes, and on such information and belief alleges,

6    that Plaintiffs lack standing to bring the Complaint against Defendant.

7                        **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

8            As a thirty-fifth and separate affirmative defense, Defendant alleges as follows:

9            35.    Defendant is informed and believes, and on such information and belief alleges,

10    that Plaintiffs lack the capacity to bring the Complaint against Defendant.

11                        **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

12            As a thirty-sixth and separate affirmative defense, Defendant alleges as follows:

13            36.    Defendant is informed and believes, and on such information and belief alleges,

14    that Defendant is entitled to a set-off against the amounts sought by Plaintiffs in the Complaint.

15                        **THIRTY SEVENTH AFFIRMATIVE DEFENSE**

16            As a thirty-seventh and separate affirmative defense, Defendant alleges as follows:

17            37.    Defendant is informed and believes, and on such information and belief alleges,

18    that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any

19    other right to relief against Defendant because the insurance policy under which Plaintiffs are

20    seeking to obtain benefits was a result of material misrepresentations and omissions and/or a

21    product of fraud by Plaintiffs and/or their agents, and therefore is subject to rescission or

22    reformation.

23                        **THIRTY EIGHTH AFFIRMATIVE DEFENSE**

24            As a thirty-eighth and separate affirmative defense, Defendant alleges as follows:

25            38.    Defendant is informed and believes, and on such information and belief alleges,

26    that if Plaintiffs have suffered any damages by reason of the activities alleged in the Complaint,

27    Plaintiffs and/or their agents have failed to take action, or have taken insufficient action, to

28

**Answer of Illinois Union Insurance Company**

686997.1                                                                    08 CV 676 BEN AJB

1    mitigate those damages. Consequently, any damages suffered by Plaintiffs must be reduced in

2    an amount by which Plaintiffs and/or their agents could have mitigated those damages, if any.

3    **THIRTY NINTH AFFIRMATIVE DEFENSE**

4    As a thirty-ninth and separate affirmative defense, Defendants allege as follows:

5    39.    Defendant is informed and believes that the policy of insurance in question issued

6    by Defendant provides coverage only for damages arising out of risks covered by and defined by

7    the policy of insurance. To the extent any of the claims alleged against Defendants are excluded

8    by the policy or do not arise out of risks covered by or defined by the policy, there is no coverage

9    for those claims and no breach of the implied covenant of good faith and fair dealing.

10    **FORTIETH AFFIRMATIVE DEFENSE**

11    As a fortieth and separate affirmative defense, Defendants allege as follows:

12    40.    The provisions of the Fourteenth Amendment to the United States Constitution

13    bar Plaintiffs' claim for punitive damages.

14    **FORTY-FIRST AFFIRMATIVE DEFENSE**

15    As a forty-first and separate affirmative defense, Defendant alleges as follows:

16    41.    Plaintiffs' claim for punitive damages is barred by the proscription of the Eighth

17    Amendment to the United States Constitution, as applied to the States through the Fourteenth

18    Amendment, prohibiting the imposition of excessive fines.

19    **FORTY-SECOND AFFIRMATIVE DEFENSE**

20    As a forty-second and separate affirmative defense, Defendant alleges as follows:

21    42.    To the extent the Plaintiffs seeks punitive damages or exemplary damages and the

22    Court permits such claims to go forward, the claims for punitive damages should be bifurcated

23    and subsequently tried in a separate proceeding from the trial of all other claims.

24    **FORTY-THIRD AFFIRMATIVE DEFENSE**

25    As a forty-third and separate affirmative defense, Defendant alleges as follows:

26    43.    Defendant is informed and believes, and on such information and belief alleges,

27    that Defendant may have additional affirmative defenses, which cannot now be articulated

28

20
**Answer of Illinois Union Insurance Company**

1   because Defendant does not have certain documentation or information bearing on Plaintiffs'

2   claims for coverage in the underlying lawsuit.  Therefore, Defendant fully reserves its right to

3   assert additional policy defenses and affirmative defenses based upon further investigation and

4   discovery.

5        WHEREFORE, Defendant prays that judgment be entered against Plaintiffs and in favor

6   of Defendant, that the Complaint herein be dismissed with prejudice, that Plaintiffs take nothing

7   by reason of the Complaint herein, that Defendant be awarded its litigation expenses and costs of

8   suit incurred herein, including attorneys' fees, and that Defendant be awarded such other and

9   further relief as this Court deems just and proper.

10

11  DATED: August 22, 2008                    WILSON, ELSER, MOSKOWITZ,
                                              EDELMAN & DICKER LLP
12

13                                                s/Susannah M. Dudley
                                              By:_____
14

15                                                James A. Stankowski
                                                  Susannah M. Dudley
16                                                Attorneys for Defendant, ILLINOIS
                                                  UNION INSURANCE COMPANY
17

18

19

20

21

22

23

24

25

26

27

28

**Answer of Illinois Union Insurance Company**

686997.1                                                           08 CV 676 BEN AJB

1     PROOF OF SERVICE

2

3     I, Susannah M. Dudley, declare that:

4     I am employed in the County of Los Angeles, State of California; I am over the age of 18
      years and not a party to the within action; my business address 555 South Flower Street, Los
5     Angeles, California 90071.

6     On August 22, 2008, I served the following document(s):

7     **ANSWER OF ILLINOIS UNION INSURANCE COMPANY**

8     on the interested parties in this action by placing a true and correct copy thereof, enclosed in a
      sealed envelope addressed as follows:
9

10    **CASE NO.: 08 CV 676 BEN AJB**

11    **Notice will be electronically mailed to:**

12    Donald Paul Tremblay:  dontremblay@mac.com,nlp2560@yahoo.com

13
      XXX    BY ELECTRONIC SUBMISSION ot the document(s) via Portable Document Format
14           (.pdf), by uploading such documents using the court's CM/ECF system case filing
             which automatically generates a Notice of Electronic or NEF which allows registered
15           e-filers to retrieve the document(s) automatically.

16    Executed on August 22, 2008, at Los Angeles, California.

17    XXX    **[FEDERAL]**  I declare that I am employed in the office of a member of the bar
             of this court at whose direction this service was made.
18

19
                                    s/ Susannah M. Dudley
20                                  Susannah M. Dudley,
                                    Attorney for Defendants
21

22

23

24

25

26

27

28

                                          1
      ───────────────────────────────────────────────────────────
                    **Proof of Service**              08 CV 676 BEN AJB
      692366.1